IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARON FOUNTAIN,

   Plaintiff,

v.

SALISBURY POLICE DEPARTMENT, et al.,

   Defendants.

Civil Action No.: JRR-24-1101

**MEMORANDUM OPINION**

Self-represented Plaintiff Sharon Fountain filed this three-count civil rights action on October 3, 2023. ECF No. 1. The Complaint sets forth three counts: "42 U.S.C. § 1983 Illegal Search & Seizure in Violation of the U.S. Constitution[']s 4th Amendment" (Count I); "Intentional; Infliction of Emotional Distress" (Count II); and "Discrimination in Violation of the U.S. Constitution[']s 14th Amendment" (Count III). Pending before the court is a Motion to Dismiss filed by Defendants Salisbury Police Department and Officer Daniel Derasmo. ECF No. 7. Ms. Fountain opposes the Motion (ECF No. 10) and Defendants have replied. ECF No. 11. No hearing is necessary. Local Rule 105.6 (D. Md. 2023).

**I.   Background**[1]

On October 3, 2023, Ms. Fountain was driving her vehicle near her home in Salisbury, Maryland, when Defendant Officer Derasmo pulled her over. ECF No. 1 at 3–4. There were a number of "onlookers". *Id.* at 4. Defendant Derasmo asked for Ms. Fountain's license and

---

[1] For purposes of resolving the pending motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

registration, and advised her that he smelled marijuana, which (he advised) gave him probable cause to search the vehicle. *Id*. at 4, 7. Ms. Fountain told Defendant Derasmo that she did not consent to the search of her vehicle to which he responded that he did not need her consent. He then retrieved his dog from his vehicle and began to search her vehicle. *Id*. at 5. Ms. Fountain exited her vehicle and other officers arrived. *Id*.

A female officer "compelled [Ms. Fountain] to pull down her pants, and open up her shirt and bra." *Id*. Officer Derasmo took items, including clothing, from Ms. Fountain's vehicle and threw them on the ground. ECF No. 1 at 5. He also denied Ms. Fountain's request to retrieve her cell phone. *Id.* Nothing illegal was found during the search and Ms. Fountain was given "a warning for suspended registration." *Id*. at 6.

Ms. Fountain asserts that on July 1, 2023, Maryland passed a law that prohibited police from using the smell of marijuana as probable cause to search a vehicle. ECF No. 1 at 7. As such, she asserts that Defendants knew or should have known that the change in Maryland law made it illegal to use the smell of marijuana as the basis for probable cause to search a vehicle. *Id.* Ms. Fountain claims in Count I that Officer Derasmo violated her Fourth Amendment rights because he lacked probable cause to search her vehicle. ECF No. 1 at 9. She alleges further that Defendants' "actions were motivated via discrimination, intent, reckless, and callous indifference to the federally protected rights of plaintiff." *Id*. at 11.

In support of her claim of intentional infliction of emotional distress (Count II), Ms. Fountain asserts that "[b]y compelling plaintiff a female to exit her vehicle then be compelled to pull down her pants her bra and toss all her cloth[e]s out of the vehicle the Defendant engaged in actions that were intolerable, outrageous as to exceed the bounds of decency." ECF No. 1 at 12.

In support of her claim Defendants' actions violated her rights under the Fourteenth Amendment to the United States Constitution (Count III), Ms. Fountain asserts that she was pulled

over because she is Black. *Id*. at 14–15. She alleges that "the actions of Defendant Derasmo in pulling plaintiff over then searching her vehicle based on a prohibited law was egregious reprehensible and a complete [abdications] of his moral and legal responsibilities as public servant." *Id*. She asserts further that Salisbury Police Department and their officers "are heinous toward young African Americans" and that the Department pulls over a greater number of African-American drivers than White drivers. *Id*.

Ms. Fountain seeks an award of monetary damages as well as the termination of Defendant Derasmo's employment, declaratory relief, costs, and interest.

## II.    Standard of Review

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III. Analysis

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

#### A. Salisbury Police Department

Defendants argue that the Salisbury Police Department is not subject to suit because it is not an independent legal entity. ECF No. 7-1 at 3. The court agrees. The Salisbury Police Department it is not a separate legal entity subject to suit; rather it is an agent of the local governing

body, the City of Salisbury. *Savage v. Mayor & City Council*, No. CCB-08-3200, 2009 WL 1119087, at *3 (D. Md. April 22, 2009) (citing *Revene v. Charles County Comm's,* 882 F.2d 870, 874 (4th Cir. 1989); *Hines v. French,* 852 A.2d 1047, 1068 (Md. App. 2004)). Therefore, the Complaint will be dismissed as against Salisbury Police Department.

    **B.**    **Search of Ms. Fountain's Body**

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives them "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *Filarsky v. Delia*, 566 U.S. 377 (2012); *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). The Fourth Amendment guarantees, among other things, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. AMEND IV. Further, the Fourth Amendment is applicable to the states through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated (2) by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

5

Defendant Derasmo seeks dismissal of Ms. Fountain's claims regarding the search of her person. As noted, Ms. Fountain does not allege that Defendant Derasmo forced her to pull down her pants and open her shirt and bra; rather, she asserts an unidentified female officer did so. ECF No. 1 at 5. In her response to Defendants' Motion to Dismiss, Ms. Fountain concedes that she does not claim Defendant Derasmo searched her person, and reiterates that a female officer conducted the search. ECF No. 10 at 7, 10. That notwithstanding, Plaintiff reasserts that Defendant Derasmo was responsible for the initial stop of her vehicle, that he searched her vehicle without probable cause, and he threw her personal items on the ground. *Id*. at 7–9. As such, she contends that all claims must remain against Defendant Derasmo and Defendants' motion must be denied. ECF No. 9. The court disagrees. Defendant Derasmo is not liable for the acts of another officer in this circumstance. Therefore, to the extent Ms. Fountain's Complaint asserts claims against Defendant Derasmo for the physical search of her person, such claim shall be dismissed, because, by her own admission, Plaintiff fails to allege that Defendant Derasmo participated in the search of her person.

### C. Intentional Infliction of Emotional Distress

"Generally speaking, claims for IIED are disfavored, difficult to establish and, as such, 'rarely viable.'"[2] *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Program*, No. CV ELH-20-0423, 2021 WL 1720235, at *14 (D. Md. Apr. 30, 2021) (citing cases). "To state a prima facie case of intentional infliction of emotional distress, a plaintiff must allege facts showing that: (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and

---

[2] "A federal court sitting in diversity is required to apply the substantive law of the forum state . . . ." *Francis v. Allstate Ins.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).

(4) the emotional distress was severe." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 624 (D. Md. 2014) (citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). "When attempting to make such a showing, plaintiffs need to plead with specificity, as reciting 'in conclusory form the bare elements of an intentional infliction of emotional distress claim' will not do." *Lilly v. Baltimore Police Dep't*, 694 F. Supp. 3d 569, 596 (D. Md. 2023) (quoting *Vance v. CHF Int'l*, 914 F. Supp. 2d 669, 683 (D. Md. 2012)); *see Mulamba v. Bd. of Educ. of Baltimore Cnty.*, No. 1656, Sept. term, 2023, 2024 WL 5103270, at *11 (Md. Ct. Spec. App. Dec. 13, 2024) ("Each element of an IIED claim must be 'pled and proved with specificity.'") (quoting *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 367 (2000)). "To be actionable, the conduct relied upon 'must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung.'" *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 248 (D. Md. 1997) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 59–60, *cert. denied*, 306 Md. 118 (1986)).

Plaintiff fails to allege sufficient facts to plead an IIED claim; specifically, Plaintiff fails to state facts to fulfill the second element. "The "extreme and outrageous" standard is quite high." *Lilly*, 694 F. Supp. 3d at 596. "To meet the test of 'outrageousness,' the conduct 'must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Lindenmuth v. McCreer*, 233 Md. App. 343, 369 (2017) (quoting *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 160 (1986)). For such conduct to be actionable, it "must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." *Lilly*, 694 F. Supp. 3d at 596 (quoting *Farasat v. Paulikas*, 32 F. Supp. 2d 244, 248 (D. Md. 1997)). Here, the allegations do not rise to the level of "extreme" or "outrageous" conduct. As to Defendant Derasmo, the conduct alleged in the Complaint consists of his stopping Ms. Fountain's vehicle and conducting a search of the vehicle during which he threw her belongings on the ground. This

fails to meet the rigorous requirements of pleading IIED extreme and outrageous conduct; it is neither "atrocious" nor "utterly intolerable in a civilized community." *See Lindenmuth*, 233 Md. App. at 369, *supra*.

Finally, Plaintiff fails to allege sufficient resultant emotional harm. "In the context of an IIED claim, 'mere allegations of emotional trauma or humiliation are insufficient.'" *Grant v. Atlas Rest. Grp., LLC*, No. CV GLR-20-2226, 2021 WL 2826771, at *5 (D. Md. July 7, 2021) (quoting *Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 804 (D. Md. 2001)). "To survive a motion to dismiss, the facts alleged must give rise to the inference that, because of the defendant's egregious conduct, the plaintiff experienced 'severely disabling emotional trauma,' . . . , *i.e.*, that she was rendered 'unable to function' or 'unable to attend to necessary matters.'" *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Program*, No. CV ELH-20-0423, 2021 WL 1720235, at *14 (D. Md. Apr. 30, 2021) (quoting *Chin v. Wilhelm*, CCB-02-01551, 2006 WL 827343, at *9 (D. Md. Mar. 24, 2006); *Pemberton v. Bethlehem Steel Corp.*, 66 Md. App. 133, 161 (1986)). A plaintiff must therefore "plead specific facts regarding the nature, intensity, and duration of the alleged emotional trauma." *Id.* (quoting *Chin*, 2006 WL 827343, at *9). The Complaint fails to meet this challenging standard. Accordingly, Count II shall be dismissed.

**IV.    Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is granted. The Complaint shall be dismissed in its entirety as against Defendant Salisbury Police Department; any claims asserted against Defendant Derasmo for liability as to the search of Ms. Fountain's body shall be dismissed; the IIED claim (Count II) is dismissed in its entirety. Count I (§ 1983 claim for violation of the Fourth Amendment) shall proceed only as against Defendant Derasmo for violation of her Fourth Amendment right regarding the search of her vehicle and her detention; Count III (claim for

discrimination in violation of the Fourteenth Amendment) shall proceed as against Defendant Derasmo.

      A separate order follows.

February 5, 2025                                  /S/
                                                        Julie R. Rubin
                                                        United States District Judge